**SO ORDERED.**

**DONE and SIGNED December 14, 2018.**

_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 15-30608 |
| | § | |
| Ollie Brown Sylvester | § | |
| | § | Chapter 13 |
| Debtor | § | |

### Order Denying Motion to Reinstate Case

Before the Court is Debtor's Motion to Reinstate this case. For the following reasons, the Motion is **DENIED**.

### I.  Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. All claims presented to this Court are "core" pursuant to 28 U.S.C. § 157

(b)(2)(A) and (O).

The Supreme Court's ruling in *Stern v. Marshall,* 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders. *BP RE, L.P. v. RML Waxahachie Dodge, L.L.C.,* 735 F.3d 279, 286 (5th Cir.2013) (" 'the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.' ") (quoting *Stern,* 131 S.Ct. at 2618); Thus, under *Stern*, in addition to determining whether each claim is core or non-core, this Court must also determine whether the underlying issue "stems from the bankruptcy itself or it would necessarily be resolved in the claims allowance process." *BP RE,* 735 F.3d at 286. Absent both statutory and constitutional authority, this Court may not enter a final order, and instead must issue proposed findings of fact and conclusions of law to be considered by the district court.

The issues presented in this case stem from the bankruptcy itself as a dispute regarding the dismissal of a bankruptcy case can only arise in a bankruptcy case. Therefore, there are no *Stern* issues in this case.

## II. Procedural Background

Ollie Brown Sylvester ("**Debtor**") failed to make plan payments in this case which resulted in the Chapter 13 Trustee filing a Motion to Dismiss. The Court granted the Motion to Dismiss and made a finding pursuant to 11 U.S.C. § 109(g) which precluded Debtor from being a debtor in any bankruptcy case for 180 days after the entry of the Order dismissing this Case. Debtor has now filed a motion to reinstate

this bankruptcy case.

## III. Analysis

The Court treats Debtor's Motion to Reinstate as a Motion to Vacate the dismissal Order. The is no such motion as a Motion to Reinstate a dismissed bankruptcy case. Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure provide relief from judgments or orders of the bankruptcy court under certain circumstances. Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure. Although under Rule 59 a party may file a motion to alter or amend the order or judgment within a period of 28 days following the date of the entry of the order or judgment, Rule 9023 limits this time period to fourteen (14) days.

Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Under Rule 60(c)(1) of the Federal Rules of Civil Procedure, a party may file a motion for relief from a judgment or order "within a reasonable time." The movant must plead and provide sufficient grounds to the court of one of the five specific grounds listed in Rule 60(b)(1)-(5). If the movant is unable to establish that one of these five grounds is applicable, the movant may attempt to use the catchall provision of Rule 60(b)(6). *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002) (a party may only resort to using the catchall provision of subsection (6) "when the basis for relief does not fall within any of the other subsections of Rule 60(b).").

In the Fifth Circuit, it is well established that relief under Federal Rule

60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent relief, an 'extreme' and 'unexpected' hardship will result." *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 321–22 (5th Cir. 1994) (citations omitted). Even then, "whether to grant relief is a matter for the . . . court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

Debtor's motion to reinstate this case was filed beyond the fourteen (14) day time limit imposed by Rule 9023 for filing a motion to amend or alter a judgment or order; therefore, Rule 9023 is not available to the Debtor. Since Debtor filed the motion to reinstate greater than 14 days after the order dismissing this case, Rule 60 is applicable. Debtor, however, must satisfy the requirements of Rule 60(b). Debtor's Motion to Reinstate fails to allege any ground for relief under 60(b)(1)-(5). Therefore, the Court concludes that Debtor is relying on Rule 60(b)(6), which requires a mover to plead and show "extraordinary circumstances."

The Motion alleges that Debtor defaulted on her plan payments due to a delay in getting paid from her employer, that Debtor desires to proceed with this case, that Debtor's employer has now agreed to withhold an amount from her paycheck sufficient to make monthly plan payments, and that Debtor will agree the Trustee can seek an *ex parte* dismissal of this case in the event of a future default which remains uncured in excess of 30 days.

Debtor failed to plead any specific grounds for relief under Rule 60(b). Debtor has not given this Court sufficient information or facts, as required by the Fifth

Circuit's ruling in *Valentine Sugars,* to establish "exceptional circumstances" or that absent relief, Debtor will suffer an "extreme" or "unexpected" hardship. Nor has Debtor alleged a change in circumstances brought about by new and unforeseen conditions. Based on these conclusions, the Court is unwilling to grant Debtor's Motion.

**ACCORDINGLY, IT IS ORDERED** that Debtor's Motion to Reinstate this case is DENIED. As such, Debtor's request to modify the Plan is now moot.

###